UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



### CIVIL MINUTES - GENERAL

Case No. SA CV 12-1857-DOC (ANx)            Date: January 7, 2013

Title: MERCURY CABLE & ENERGY, INC., v . WANG CHEN AKA MARTIN WANG, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): PLAINTIFF'S EX PARTE APPLICATION FOR APPROVAL OF ALTERNATIVE SERVICE AND FOR ENTRY OF DEFAULT

Before the Court is Plaintiff Mercury Cable & Energy, Inc.'s Ex Parte Application for Order Approving Alternative Service and Entry of Default (Dkt. 11). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After consideration of all moving papers, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request.

**I. Background**

Plaintiff Mercury filed an amended complaint in this action naming, *inter alia*, Wang-Chen (aka Martin Wang) and Tammy Wang (aka Tammie Xiu) as individual defendants. According to declarations provided by Plaintiff, Mercury has attempted twelve (12) times to personally serve the Wangs at their residence at 18 Stonebrook, East Irvine, CA 92620. *See* Affidavit of Reasonable Diligence, attached to Bacani Decl. (Dkt. 11-2) at Ex. A. At one point, the process server, Ms. Alexandra Suarez, spoke with the Wang's daughter, who appeared to be around sixteen (16) years of age. The daughter told Ms. Wang that her father was out of the country and that Ms. Suarez could speak with the mother, Tammie Wang, if she came back later that day. However, when Ms. Suarez returned to the residence, no one answered the door. *See id.* Each time she returned to the home after that, no one answered. *See id.*

After the attempts at personal service of the Wangs were unsuccessful, Mercury's counsel sent conformed copies of the Summons, Complaint, Civil Cover Sheet, Notice of Assignment, Certification as to Interested Parties, Notice to Parties of Court-Ordered ADR Program, and Notice to Parties of Court Policy on Settlement and Use of ADR (collectively "Summons Documents") via regular U.S. mail to the Wang's residence on November 12, 2012. *See* Proof of Service attached to Bacani Decl. at Ex. B. Mercury also emailed copies of the documents to Martin Wang at martinscaler@yahoo.com, the most recent email address listed on his employee file. Mercury has received no notifications that the mailed documents, or email, were undeliverable or otherwise returned. *See* Bacani Decl. at ¶ 7.

The Summons mailed to the Wangs directed them to respond within twenty-one (21) days after service, or by December 3, 2012. Neither of the Wangs has filed a response to Mercury's Complaint. On December 7, 2012, Mercury filed a request to the Clerk of this Court that default be entered against the Wangs. See Pl's Req. (Dkt. 7). The Clerk sent Mercury deficiency notices on December 12, 2012, indicating that default could not be entered until Mercury refiled the request with proofs of service on the Wangs. To correct this deficiency, Mercury now seeks the Court's approval of Mercury's alternative service on the Wangs by mail and email, and for an Order directing the Clerk to enter default against the Wangs.

## II. Approval of Alternative Service

Service of process on an individual found within the judicial district is governed by Federal Rule of Civil Procedure 4(e), which states in part: "Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;…"

Where an individual cannot be personally served, and substitute service is not an option, California law provides for alternative service of Summons as follows: "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Code. Civ. P. § 413.30.

If a defendant's whereabouts are ascertainable, notice must be given through a procedure that has a reasonable probability of actually reaching him or her. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) ("notice must be such as is reasonably calculated to reach interested parties"); *Greene v. Lindsey*, 456 U.S. 444, 455 (1982) (all that is required is a method that is "reasonably likely" to provide notice). Mailing copies of the Summons to the defendant's address may

be deemed sufficient notice.  *See Mullane*, 339 U.S. at 319 ("However it may have been in former times, the mails today are recognized as an efficient and inexpensive means of communication."); *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800 (1983) ("Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition").

Service by email may also suffice where other methods are unavailable and it is reasonably calculated to provide actual notice to the defendant.  *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 WL 1038752, at *3 (N.D. Cal. March 27, 2012) (authorizing service by email under Cal. Code Civ. P. § 413.30 because "service by email is 'reasonably calculated to give actual notice' to the Domestic Defendants").

Here, Mercury tried to personally serve the Wangs at their residence a dozen times, all without success.  Because the Wangs appear to be avoiding service, and there appears to be no person eighteen or older at their residence who can accept the Summons pursuant to Cal. Code Civ. P. § 415.20, and also because the Wangs have not sent a written acknowledgment of receipt of the summons mailed to them on November 12, 2012, *see* Cal. Code Civ. P. § 415.30(c), the Court hereby finds that service on defendants Wang-Chen (aka Martin Wang) and Tammie Wang (aka Tammie Xiu) by U.S. mail and email is appropriate and satisfies due process and the statutory requirements of Fed. R. Civ. P. 4(e) and Cal. Code Civ. P. § 413.30.

While Plaintiff's Ex Parte request urges the Court to retroactively approve its November 12, 2012, mailings and emailings, the Court will not do so.  The proper procedure for obtaining approval for an alternative form of service is, first, to seek the Court's approval, then to proceed.  Here, pursuant to Fed. R. Civ. P. 4(e) and Cal. Code Civ. P. § 413.30, the Court GRANTS IN PART Plaintiff's request and directs that properly conformed documents may be served on defendants Wang-Chen (aka Martin Wang) and Tammie Wang (aka Tammie Xiu) by U.S. mail at18 Stonebrook, East Irvine, CA 92620, and also on Martin Wang at his email address at martinscaler@yahoo.com.

### III. Entry of Default

Because Plaintiff has, at this point, only obtained approval to serve defendants Martin and Tammie Wang in the manner described above, and has not yet successfully served them, the Court DENIES Plaintiff's request for an entry of default.  Plaintiff may refile a request for entry of default if, after proper service has been achieved, defendants fail to plead or otherwise defend within the time allowed by Fed. R. Civ. P. 55.  If Plaintiff needs to seek emergency or injunctive relief against defendants Martin and Tammie Wang, as is suggested by portions of its Ex Parte request, Plaintiff may do so, but an entry of default contingent on past failed service is not the proper method for seeking injunctive relief.